IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

GUS L. POPE,

                    Petitioner

     VS.

ROSE WILLIAMS, WARDEN,

                   Respondent

**NO. 5:06-CV-381 (CAR)**

PROCEEDING UNDER 28 U.S.C. §2254
BEFORE THE U.S. MAGISTRATE JUDGE

---

# RECOMMENDATION

Petitioner GUS POPE has filed a petition seeking federal habeas corpus relief. Respondent ROSE WILLIAMS, Warden of Dodge State Prison, has filed a motion to dismiss this petition contending that it is untimely filed under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). Tab #9. Petitioner Pope filed his response to the respondent's motion. Tab #15.

The AEDPA, 28 U.S.C. §2244(d), provides as follows:

*(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. The limitation period shall run from the latest of–*

> *(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;*

> *(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such by State action;*

> *(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or*

> *(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.*

*(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.*

The undersigned finds the respondent's analysis of the application of the one-year limitations period to petitioner's case to be persuasive. The court agrees that petitioner's convictions, which both occurred before the enactment of the AEDPA, were subject to a "grace period" of one year. See *Wilcox v. Florida Department of Corrections*, 158 F.3d 1209 (11th Cir. 1998). The one year limitations period began to run on April 24, 1996. Petitioner Pope took no action to toll that limitations period, and therefore had until April 23, 1997, in which to file his federal habeas petition. Petitioner Pope filed this petition in 2006, well after the one year limitations period expired.

Accordingly, IT IS RECOMMENDED that the respondent's Motion to Dismiss be **GRANTED**. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

SO RECOMMENDED, this 22ND day of AUGUST, 2007.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE